## DESIGN ASSOCIATES, INC. v. WILLIAM J. POWERS

No. 8722DC94

(Filed 16 June 1987)

**1. Architects § 2 — action to recover fees — no error in evidence**

The trial court did not err in an action to collect a fee for architectural services by allowing a member of plaintiff architectural firm to testify that plaintiff's rate of $35 per hour was "on the low side"; by excluding evidence of how much other architects and builders had told defendant that plaintiff's plans were worth; or by admitting evidence relating to defendant's income and the cost of his house and land. Even assuming that some of the evidence was erroneously admitted or excluded, defendant failed to show any prejudice since the amount awarded was clearly supported by the unchallenged evidence admitted at trial.

**2. Architects § 2; Laborers' and Materialmen's Liens § 1 — architect's lien — valid**

The trial court did not err in an action to recover a fee for architectural services by not dissolving a lien placed on defendant's home. Plaintiff furnished professional design services pursuant to a contract and there is no requirement in N.C.G.S. § 44A-8 that the lienholder's work actually improve the property.

APPEAL by defendant from *Johnson (Robert W.)*, *Judge*. Judgment entered 8 July 1986 in District Court, IREDELL County. Heard in the Court of Appeals 10 June 1987.

This is a civil action wherein plaintiff seeks judgment against defendant in the amount of $8,861.00 plus interest and costs, and an order directing the sale of a piece of property to satisfy plaintiff's lien on that property. Defendant, in his answer, moved for an order dissolving the lien.

At trial, evidence was introduced tending to show the following: Plaintiff is an architectural firm. Defendant came to the office of William Leonard, the owner of plaintiff firm and asked about designing a house on defendant's lakefront property. According to Leonard, he quoted defendant a fee of 5% of the cost of the house or $35.00 per hour of work, whichever was lower, and defendant told plaintiff to proceed. According to defendant, "there was a 3%, a 5% and a 7% fee mentioned."

Plaintiff drew up the plans expending 337.5 hours on the project. Plaintiff sent defendant a bill for $9,361.00 based on the estimated cost of the house. Defendant told plaintiff he thought it

was too high and he did not intend to pay, but would get esti-
mates from other sources as to the value of the plans. Defendant
did send plaintiff a check for $500.00. Defendant never used the
plans plaintiff drew up.

The trial judge submitted the following issue to the jury:
"What amount of damages, if any, has the plaintiff, Design Associ-
ates, Inc., sustained?" The jury answered: "$6000." The court en-
tered judgment on this verdict but did not rule on defendant's
motion to dissolve the lien on his property. From judgment en-
tered on the verdict, defendant appealed.

*Albert F. Walser for plaintiff, appellee.*

*Pope, McMillan, Gourley, Kutteh & Parker, by William H.
McMillan, and Nancy S. Davenport, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]   Defendant's first three assignments of error relate to the ad-
mission and exclusion of evidence. Defendant argues that the
court erred in 1) allowing a member of plaintiff architectural firm
to testify that plaintiff's rate of $35.00 per hour was "on the low
side," 2) excluding evidence of how much other architects and
builders told defendant that plaintiff's plans were worth, 3) admit-
ting evidence relating to defendant's income and the cost of his
house and land.

Plaintiff's claim is for breach of contract. Plaintiff alleged in
its complaint and offered evidence tending to show that it had an
express contract with defendant to perform architectural serv-
ices, and that defendant had failed and refused to pay the balance
due for services rendered. In its complaint, plaintiff sought
$8,861.00. Plaintiff's evidence tended to show that the agreed-
upon contract price was the lesser of 1) 5% of the cost of the
house and 2) $35.00 per hour of work spent on the plans. Plain-
tiff's evidence also tended to show that 337.5 hours were spent on
the plans. Three hundred thirty-seven and a half hours multiplied
by $35.00 per hour yields a sum of $11,812.50. The cost of the
house was estimated by plaintiff to be $187,000.00. Five per cent
of $187,000.00 is $9,350.00. Plaintiff's bill was for $9,361.00, which
is approximately the lesser of the two figures. Defendant paid
plaintiff $500.00, leaving a balance of $8,861.00, the amount plain-

tiff sought in its complaint. In his answer, defendant denied having entered into a contract with plaintiff. At trial, defendant's evidence was equivocal as to whether the parties had entered into a contract and to the terms of any such contract.

No question is raised on appeal regarding the failure of the court to submit an issue to the jury with respect to whether the parties entered into a contract or the terms thereof. As pointed out before, the only issue submitted to the jury related to damages.

In a suit for damages arising out of a breach of contract, the injured party is to be placed as near the position he would have occupied had the breach not occurred. *Coble v. Richardson Corp.*, 71 N.C. App. 511, 322 S.E. 2d 817 (1984). In the present case payment of the unpaid balance of the contract price would put plaintiff, the injured party, in the position he would have occupied absent the breach.

We find no error in the admission or exclusion of any of the evidence challenged by defendant's first three assignments of error. Assuming arguendo, however, that some of this evidence was erroneously admitted or excluded, defendant has failed to show any prejudice in its admission or exclusion, since the jury's award of $6,000.00 is clearly supported by the unchallenged evidence admitted at trial.

[2] Defendant finally contends the trial court erred in failing to dissolve the lien placed on his home by plaintiff. Defendant argues that there can be no lien because plaintiff's work was not used to improve defendant's real property. We disagree. G.S. 44A-8 provides as follows:

> Any person who performs or furnishes labor or professional design or surveying services or furnishes materials pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished pursuant to such contract.

There is no requirement in G.S. 44A-8 that the lienholder's work actually improve the property. Plaintiff in the present case furnished professional design services pursuant to a contract. This was sufficient to entitle plaintiff to a lien to secure payment for those services. This assignment of error is without merit.

No error.

Judges PHILLIPS and ORR concur.